UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**JERRY CANKAT**, individually,

              **Plaintiff,**

v.

**POINT 31 INC. d/b/a POINT BRAZIL**,
 a New York for profit corporation,

              **Defendants.**
_____

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, JERRY CANKAT, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendant POINT 31 INC. d/b/a POINT BRAZIL for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I.      Jurisdiction**

1. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (hereinafter "ADA"). *See* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff JERRY CANKAT is an individual with a disability as defined by the ADA.

3. Plaintiff JERRY CANKAT is seeking injunctive relief pursuant to the ADA.

4. Plaintiff JERRY CANKAT is also seeking to recover attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

5. The violative property is located in Queens County, New York at 38-01 31st Avenue, Astoria, New York, 11103 (hereinafter "Property").

6. The Property is being operated as a food service establishment thus qualifying as a "place of public accommodation (*see* 28 CFR 36.201(a))."

7. Defendant POINT 31 INC. d/b/a POINT BRAZIL (hereinafter "POINT BRAZIL") is the tenant on the Property operating this food service establishment.

8. Venue properly lies in the Eastern District of New York, which is the federal judicial district in which the property is located and on which the violative establishment is conducting business.

II. **ADA Ensures Reasonable Access For Individuals with Disabilities**

9. Notice prior to initiating suit is not mandated by the ADA.

10. All conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since enactment of the ADA.

11. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

12. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards.

### III. Defendant's Violations of ADA Accessibility Standards:

13. Defendant has and is continuing to violate the Accessibility Standards by failing to provide accessible facilities.

14. These violations infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

15. When Plaintiff CANKAT was visiting POINT BRAZIL he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals.

16. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at POINT BRAZIL equal to those afforded to other individuals.

17. Defendant, therefore, is discriminating against Plaintiff and other similarly situated disabled individuals.

18. As a result of Defendant's ADA non-compliance, Plaintiff CANKAT is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public.

19. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

**IV. Plaintiff Cankat Qualifies As An Individual with a Disability Under the ADA**

20. Plaintiff CANKAT suffers from a severe case of diabetes of which he was diagnosed with more than twelve (12) years ago.

21. As a result of his diabetes, Plaintiff CANKAT has underwent four (4) operations on his left leg leaving him unable to put any pressure on it, and

4

his right leg was amputated in 2010 causing him to be unable to walk on his own.

22. Plaintiff CANKAT is permanently disabled and confined to a wheelchair.

23. Plaintiff CANKAT resides in Flushing, Queens.

24. Plaintiff CANKAT is presently divorced although his former wife and brother both reside in the area.

25. Plaintiff CANKAT also has two adult children, a son and a daughter, both in their late thirties.

26. All of Plaintiff CANKAT's family are able-bodied individuals who provide him with assistance.

27. Plaintiff CANKAT is a sixty year-old man.

28. Plaintiff CANKAT particularly enjoys watching sporting events. He often goes out with his friends to watch sports, socialize and meet new and interesting people.

29. Plaintiff CANKAT travels to many places locally using only his wheelchair.

30. However, Plaintiff CANKAT may also commute using the MTA/New York City Transit Bus System.

**IV.** **Inspection of POINT BRAZIL Establishes ADA Non-compliance**

31. The present violations at Defendant's facility threaten Plaintiff's safety.

32. An inspection of POINT BRAZIL reveals the following architectural barriers to access precluding Plaintiff, as an individual who is confined to a wheelchair, from reason able accessing the goods and services offered to able-bodied persons:

   a. inaccessible entrance as step at entrance acts as a barrier to accessibility without required ramp for step at entrance not provided;
   b. required minimum maneuvering clearance not provided at entrance door;
   c. at least one accessible entrance not provided as required;
   d. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;
   e. percentage of existing dining tables required to be accessible not provided;
   f. restroom door swings into the required floor space of water closet;
   g. non-compliant door knob at restroom door requires twisting of the wrist;
   h. inaccessible light switch, paper towel dispenser, mirror and coat hook in restroom as heights of fixtures exceed maximum height allowance;
   i. inaccessible lavatory in restroom as required minimum knee and toe clearance not provided at lavatory;
   j. compliant grab bars not provided at rear and side walls of water closet;
   k. non-compliant length of existing grab bar at rear wall does not meet minimum length requirement;
   l. non-compliant length of existing grab bar at side wall does not meet minimum length requirement;
   m. inaccessible toilet paper dispenser as dispenser is non-compliant distance from water closet;

    n. failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

33. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

## V. Returning to POINT BRAZIL Before All Violations Are Remedied May Threaten Plaintiff Cankat's Physical Safety

34. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist.

35. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

36. Plaintiff plans on returning to POINT BRAZIL to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

37. However, Plaintiff may require assistance from an able-bodied individual upon returning to ensure his physical safety is not needlessly threated by Defendant's ongoing non-compliance.

## VI. CLAIMS

### A. Declaration of ADA Violations by Defendant POINT BRAZIL

38. When Plaintiff CANKAT visited POINT BRAZIL he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 32.

39. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

40. Defendant denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

41. As a result of Defendant being in continuous violation of Title III of the ADA Plaintiff CANKAT has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal

enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

42. A declaration that Defendant was in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

43. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## **B.     ADA Violations Requiring Injunctive Relief**

44. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 37 above as if set forth specifically herein.

45. POINT BRAZIL is being operated as a place of public accommodation in violation of ADA.

46. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 32 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

47. Defendant continues to discriminate against Plaintiff and those similarly situated by operating POINT BRAZIL and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

48. Modifications in Defendant POINT BRAZIL's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

49. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

50. Plaintiff is suffering true and actual harm by Defendant POINT BRAZIL operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

51. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

52. Plaintiff is without any adequate remedy and law.

53. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

54. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to

issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a. Injunctive relief against Defendant;

b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on March 21, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009